**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN JOSEPH LIGERI, | No. 25-6355 |
| Plaintiff - Appellant, | D.C. No. 2:25-cv-00829-KKE |
| v. | MEMORANDUM* |
| NATALIA PARKER; ERIC SMITH; DAVIS WRIGHT TREMAINE, LLP; AMAZON.COM, INC., a Delaware corporation, | |
| Defendants - Appellees, | |
| and | |
| JOHN MAGLIERY, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted June 22, 2026**

Before: CANBY, BENNETT, and BADE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Benjamin Joseph Ligeri appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising out of defendants' statements in prior litigation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Saloojas, Inc. v. Aetna Health of Cal., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023). We affirm.

The district court properly dismissed Ligeri's action because Ligeri failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Saloojas*, 80 F.4th at 1014-15 (explaining that dismissal is appropriate when the complaint lacks a cognizable legal theory and listing factors used to determine whether Congress intended to imply a private right of action); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that criminal statutes generally do not give rise to private rights of action); *Young v. Rayan*, 533 P.3d 123, 128-29 (Wash. Ct. App. 2023) (explaining that "attorneys, parties, and witnesses" are not liable under Washington law for "statements . . . made in the course of a judicial proceeding . . . that are pertinent to the litigation").

The district court did not abuse its discretion in denying further leave to

2                                                                    25-6355

amend because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

The district court did not abuse its discretion in denying Ligeri's motion for reconsideration because Ligeri failed to establish any basis for relief.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ligeri's request for costs on appeal, set forth in the opening brief, is denied.

Consideration of defendants' request for attorney's fees (Docket Entry No. 24) is transferred to the district court.  *See* 9th Cir. R. 39-1.8.

**AFFIRMED.**